UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN W. D., )<br>)<br>      **Plaintiff** )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>**Commissioner of Social Security,** )<br>)<br>      **Defendant** ) | No. 2:19-cv-00478-GZS |

**REPORT AND RECOMMENDED DECISION**[1]

This Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, among other things, the ALJ's mental residual functional capacity (RFC) determination – as it pertains to the limitations stemming from his autism spectrum disorder – is unsupported by substantial evidence. *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 10) at 8-11. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2001, Finding 1, Record at 17; that he had the severe impairments of chronic obstructive pulmonary disease, migraine headaches, a history of dermatofibrosarcoma protuberans, anxiety disorder, major depressive disorder, autism spectrum disorder, and obsessive compulsive disorder, Finding 3, *id.*; that he had the RFC to perform light work, to frequently climb, balance, stoop, kneel, crouch, or crawl, and to follow simple, routine, and repetitive instructions, but that he could not climb ladders, ropes, or scaffolds, needed to avoid concentrated exposure to workplace hazards, noise, and pulmonary irritants such as fumes, odors, dusts, gases, and areas of poor ventilation, and could tolerate only occasional contact with the public, coworkers, and supervisors, only occasional decision-making, and only occasional changes in the work environment, Finding 5, *id.* at 20; that, considering his age (28 years old, defined as a younger individual, on his alleged disability onset date, December 31, 2000), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id.* at 27; and that he, therefore, had not been disabled from December 31, 2000, his alleged onset date of disability, through the date of the decision, December 4, 2018, Finding 11, *id.* at 28-29. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support

the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

In July 2017, the plaintiff underwent a psychological evaluation by Leah Baer, Psy.D., to determine whether he suffered from an autism spectrum disorder (ASD) and help with treatment planning. *See* Record at 835. As part of her evaluation, Dr. Baer conducted a variety of tests to measure the plaintiff's neurocognitive and emotional/personality functioning. *See id.* at 837-41. Dr. Baer summarized her findings in a 12-page report, ultimately concluding that the plaintiff's test results and reported history were consistent with diagnoses of ASD, panic disorder, and major depressive disorder; she also made other observations and suggestions regarding potential treatment options. *See id.* at 835-46.

Dr. Baer's report was provided to Disability Determination Services (DDS), but the page outlining her diagnoses of ASD, panic disorder, and major depressive disorder, as well as some of her conclusions regarding them, was inadvertently omitted. *See id.* at 511-21. In considering the plaintiff's mental RFC, an agency nonexamining consultant, Robert Maierhofer, Ph.D., referenced the report and noted,

> [Medical record] confirms anxiety and depression. Features of an ASD are evident, but [Dr. Baer] does not explicitly make the diagnosis, prior exams do not support

3

>it, and aspects of [the plaintiff's] presentation are contrary to that finding. Cognitive functioning is generally intact and [the plaintiff] is able to recall and perform simple instructions and tasks. Can get along with a small group of coworkers and supervisors, but would not do well with the general public. Would do better in work situations that did not demand considerable social interaction.

*Id.* at 99-100. After the plaintiff requested reconsideration of the initial denial of his disability claims, another agency nonexamining consultant, Peter G. Allen, Ph.D., analyzed the plaintiff's medical records, including Dr. Baer's report, and noted, "ASD mentioned in [medical record] but not well supported, even in [Dr. Baer's] neuropsych[ological] exam of July, '17[.]" *Id.* at 111. Although neither Dr. Maierhofer nor Dr. Allen opined that the plaintiff suffered from a medically determinable ASD impairment, both included limitations in social interaction and adaptation in assessing the plaintiff's RFC. *See id.* at 99-100, 116-17.

The plaintiff provided the missing page of Dr. Baer's report to the ALJ at the administrative hearing level and brought the issue to the ALJ's attention. *See id.* at 54-55, 834-46. In contrast to Drs. Maierhofer and Allen, the ALJ determined that the plaintiff did suffer from ASD and that it constituted a severe impairment; the ALJ purported to account for the ASD-related limitations in his RFC assessment. *Compare* Finding 3, *id.* at 17; *id.* at 26-27 *with id.* at 96, 113.

Nevertheless, in determining the plaintiff's RFC, the ALJ indicated that he found the opinions of Drs. Maierhofer and Allen "persuasive[,]" *id.* at 25, and assessed social and adaptational limitations that largely tracked their assessments, *compare* Finding 5, *id.* at 20 *with id.* at 98-100, 115-17. The ALJ indicated that he found Dr. Baer's report "partially persuasive" insofar as it showed the plaintiff had "some difficulty with coping skills and social anxiety[,]" noting that he accounted for these difficulties with "an appropriate degree of limitation" when determining the plaintiff's RFC. *Id.* at 26. The ALJ rejected Dr. Baer's report to the extent that it was "indicative of greater limitations" than the ones he found. *Id.*

The plaintiff argues, among other things, that the ALJ erred when he failed to acknowledge the conflict between his conclusion that the plaintiff suffered from ASD and the conclusions of Drs. Maierhofer and Allen that the plaintiff did not suffer from ASD, and compounded this error by apparently relying on the Maierhofer and Allen opinions to determine the functional impact of an impairment that they did not assess.  *See* Statement of Errors at 8-11.  The plaintiff contends that this error, combined with the ALJ's rejection of greater ASD-related limitations indicated in Dr. Baer's report, leaves the ALJ's RFC finding that the plaintiff could "sustain regular employment that involves occasional contact with the public, co-workers[,] and supervisors" despite his ASD unsupported by substantial evidence.  *Id.* at 10-11.

The commissioner, on the other hand, argues that Drs. Maierhofer's and Allen's assessments constitute substantial evidence supporting the ALJ's RFC determination.  *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 12) at 4-5.  He contends that the mere fact that they lacked one page from Dr. Baer's report containing her ASD diagnosis does not undermine the ALJ's reliance on their opinions given that they otherwise had access to Dr. Baer's "observations, interpretations, and recommendations" and, therefore, "considered significant evidence of the impact of ASD on Plaintiff's functioning[.]"  *Id.* at 5 (footnote omitted).

The plaintiff has the better argument.

In determining that the plaintiff did not suffer from ASD, both Drs. Maierhofer and Allen found the apparent lack of an ASD diagnosis in Dr. Baer's report significant.  Indeed, Dr. Maierhofer emphasized that Dr. Baer did not "explicitly list mental health diagnoses" in her report but wrote "as if the [plaintiff] has features of an ASD[.]"  Record at 96.  Similarly, Dr. Allen noted, "ASD mentioned in [medical record] but not well supported, even in neuropsych[ological]

5

exam of July, '17; for example, [Dr. Baer] used none of the available scales for rating possible ASD [in] adults." *Id.* at 111.  The missing page of Dr. Baer's report, however, does in fact list mental health diagnoses including ASD and rates the plaintiff's ASD as "Level 1: requiring support for social communication and repetitive, restricted behaviors[.]" *Id.* at 841.

Given that Drs. Maierhofer's and Allen's conclusions regarding the plaintiff's ASD are based in part on an incomplete – and therefore faulty – reading of Dr. Baer's report, it cannot be said with any degree of certainty that their conclusions regarding the plaintiff's ASD and the limitations resulting therefrom would have been the same had they seen the missing page. *See Brown v. Barnhart*, No. 06-22-B-W, 2006 WL 3519308, at *3-4 (D. Me. Dec. 6, 2006) (rec. dec., *aff'd* Dec. 28, 2006) (concluding that the RFC opinions of agency nonexamining consultants did not constitute substantial evidence where it could not confidently be said that later submitted evidence would not have changed the opinions); *see also Rose v. Shalala*, 34 F.3d 13, 18 (1st Cir. 1994) ("[T]he amount of weight that can properly be given the conclusions of non-testifying, non-examining physicians will vary with the circumstances, including the nature of the illness and *the information provided the expert*." (emphasis added) (citation and internal quotation marks omitted)).  This is particularly true where the ALJ failed to address the impact of the missing page when crediting the opinions of Drs. Maierhofer and Allen.  *See* Record at 25; *cf. Wood v. Astrue*, No. 1:10-cv-243-JAW, 2011 WL 1298460, at *4 (D. Me. Mar. 31, 2011) (rec. dec., *aff'd* Apr. 19, 2011) ("[W]hen an [ALJ] offers a reasonable explanation for concluding that records not seen by a particular state-agency reviewer contain nothing sufficiently new and material to call into serious question the conclusions of that reviewer, remand is not indicated." (citation and internal quotation marks omitted)).

The commissioner attempts to downplay the significance of the missing page by pointing out that although Drs. Maierhofer and Allen lacked Dr. Baer's diagnosis of ASD, they nevertheless "considered significant evidence of the impact of ASD on [the] Plaintiff's functioning" and "were well aware of [Dr. Baer's] observations, interpretations, and recommendations[.]" Opposition at 5. Thus, the commissioner argues, the ALJ was entitled to rely on Drs. Maierhofer's and Allen's opinions to determine the functional impact of the plaintiff's ASD and "did not interpret any 'raw medical data' related to ASD on his own." *Id.*

Because the ALJ did not offer such a rationale when discussing Drs. Maierhofer's and Allen's opinions, however, *see* Record at 25-26, this argument is an improper after-the-fact rationalization, *see, e.g.*, *Clark v. Astrue*, Civil No. 09-390-P-H, 2010 WL 2924237, at *3 (D. Me. July 19, 2010) (rec. dec., *aff'd* Aug. 9, 2010) ("[A] reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale *actually articulated* by the agency decision-maker." (emphasis added)). Moreover, the commissioner fails to recognize that because Drs. Maierhofer and Allen did not find a medically determinable ASD impairment, they necessarily did not assess limitations flowing therefrom. *See Kristal L. v. Berryhill*, No. 2:18-cv-00084-JAW, 2019 WL 495583, at *4 (D. Me. Feb. 8, 2019) (rec. dec., *aff'd* Mar. 5, 2019).

The ALJ's failure to address these issues is further exacerbated by his clear rejection of Drs. Maierhofer's and Allen's opinions to the extent that he found that the plaintiff suffered from a medically determinable ASD impairment and that it was severe. *See* Finding 3, Record at 17. In so finding, the ALJ must have relied on Dr. Baer's diagnosis, which not only further supports the materiality of the missing page of her report but also highlights another evidentiary conflict that the ALJ failed to address: that he could not have been persuaded by Dr. Baer's diagnosis of

7

ASD *and* Drs. Maierhofer's and Allen's rejections of such a diagnosis. *See Boothby v. Berryhill*, No. 2:16-cv-00599-JHR, 2018 WL 1144371, at *3 (D. Me. Mar. 2, 2018) ("The ALJ can hardly be said to have resolved the conflict between [two medical experts'] findings when he failed to recognize that such a conflict existed[.]"); *see also id.* ("[T]he ALJ has erred by failing to analyze, or even acknowledge, opinion evidence that he purported to give substantial weight[.]").

These errors are not harmless.

That Dr. Baer's report was not, as the commissioner points out, explicitly couched as an RFC assessment does not help the commissioner because the ALJ made it clear that he considered Dr. Baer's opinion of the plaintiff's social and adaptational limitations more severe than the limitations reflected in his RFC determination. *See* Opposition at 6-7; Record at 26. Thus, had he agreed with Dr. Baer's opinion *in toto*, his RFC presumably would have included additional limitations reflecting, for example, the impact of the plaintiff's need for "support for social communication and repetitive, restrictive behaviors" as a result of his ASD. Record at 841. Although the ALJ explained his rationale in not adopting greater functional limitations based on Dr. Baer's report, his explanation does not resolve the above-described evidentiary conflicts, leaving me unable to determine whether he arrived at his RFC determination *via* an acceptable pathway, or whether he improperly relied on Drs. Maierhofer's and Allen's opinions to determine that the limitations he imposed were sufficient to address the plaintiff's ASD. *See id.* at 26; *Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D. Me. Mar. 16, 2018) ("[W]hen failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway," reversal and remand are warranted.).

Because the ALJ failed in his duty to resolve material conflicts in the evidence, and the court is ill-equipped to resolve such conflicts in the first instance, remand is required. *See, e.g.*, *Soto v. Sec'y of Health & Human Servs.*, 795 F.2d 219, 222 (1st Cir. 1986) ("We are ill-equipped to sort out a record that admits of conflicting interpretations. Accordingly, we believe the case must be remanded to the [commissioner] for reconsideration of his decision[.]"); *Rodriguez*, 647 F.2d at 222 ("The [commissioner] may (and under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question is for him, not for the doctors or for the courts.").

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this  day 15th of November, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge